IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

ANDREA NICOLE GIST, as Executrix of the
Estate of BETH ANN GIST,

PLAINTIFF,

vs.

CIVIL ACTION NO. 1:24-cv-193

UNITED STATES OF AMERICA,

DEFENDANT.

## COMPLAINT

Plaintiff, ANDREA NICOLE GIST, as Executrix of the Estate of Beth Ann Gist, deceased, by and through counsel, hereby files this Complaint against the UNITED STATES OF AMERICA and in support thereof, Plaintiff states the following:

## PARTIES

1. ANDREA NICOLE GIST, as executrix of the Estate of Beth Ann Gist, is an adult who resides at 5 Settings Boulevard, Black Mountain, North Carolina 28711.

2. ANDREA NICOLE GIST was duly appointed Executrix of the Estate of Beth Ann Gist by the Superior Court, Buncombe County, State of North Carolina, on December 6, 2022 (Exhibit 1).

3. Defendant, The UNITED STATES OF AMERICA ("Defendant USA"), through its agency/instrumentality, the FEDERAL AVIATION ADMINISTRATION ("FAA"), was

1

responsible for providing air traffic control services to Dr. William Edward Gist, a fully qualified pilot at the controls of a Cessna Model 182P single engine aircraft, bearing U.S. Registration Number N58807 ("Cessna N58807"). Defendant USA may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States, Merrick Garland, in Washington, District of Columbia.

## JURISDICTION AND VENUE

4. This Court has exclusive jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346 and 2671-2680 as the United States of America is a party to this action.

5. This Court has *in personam* jurisdiction over Defendant USA as the UNITED STATES OF AMERICA regularly conducts operations and business in the State of North Carolina.

6. Venue is proper in the United States District Court for the Western District of North Carolina, Asheville Division, pursuant to 28 U.S.C. §1402(b) as the Plaintiff resides in the District.

7. On June 14, 2024, Plaintiff, ANDREA NICOLE GIST, timely presented her Administrative Claims for damages to the FAA pursuant to the provisions of 28 U.S.C. § 2675 (Exhibit 2). On July 11, 2024, the FAA sent its letter denying the administrative claim which is a final denial for purposes of 28 U.S.C. § 2675 (Exhibit 3).

## FACTS

8. Beth Ann Gist was killed on September 5, 2022, in the crash of Cessna N58807, and is

2

survived by her son, Ryan Hudson, the person entitled to recover for the wrongful death of Beth Ann Gist under the laws of the State of North Carolina.

9. On September 5, 2022, Decedent Beth Ann Gist was a resident of Black Mountain, North Carolina.

10. At all times relevant hereto, Cessna N58807 was under the control of and was required to follow the instructions of the FAA's Air Traffic Controllers.

11. At approximately 2:48 pm on September 5, 2022, Cessna N58807 departed Clarksdale, Mississippi Airport (CKM) on an instrument flight plan with an intended destination of the Asheville, North Carolina Regional Airport (AVL).

12. At 4:39 pm on September 5, 2022, Pilot Gist contacted the FAA's Air Traffic Control Chattanooga East Radar Position (CHAT ATC EAST) and reported level at an altitude of 9,000 feet mean sea level (MSL) while en route to Asheville.

13. At 4:55 pm on September 5, 2022, CHAT ATC EAST notified Cessna N58807 of moderate to heavy precipitation approximately ten (10) miles to his front.

14. As more fully set forth in the Preliminary Report of Air Traffic Control Expert Richard Burgess (attached hereto as Exhibit 4), for the next sixteen minutes, CHAT ATC EAST failed to comply with FAA Air Traffic Control procedures, and protocol, and these failures were a deviation in the standard of care, which Air Traffic Control Specialists are required to maintain.

15. The acts and omissions of CHAT ATC EAST started with the ineffective issuance of precipitation advisery followed by the approval of a route that took Cessna N58807 moderate to heavy precipitation. Then followed (a) CHAT ATC EAST's failure to issue observed moderate to heavy precipitation until the aircraft was already in this critical weather situation which resulted in placing Cessna N58807 in an emergency situation; (b) CHAT ATC EAST's

3

failure to take action when Cessna N58807 deviated from its approved route with no effort to advise the pilot what was observed; (c) CHAT ATC EAST's failure determine if the pilot could maintain a heading, identify any equipment problems that prevented the pilot from maintaining a heading; and (d) failure to provide maximum assistance to Cessna 58807 to get out the critical weather area in an emergency situation.

16. The acts and omissions of the air traffic controllers were the direct cause of the loss of control and the subsequent fatal crash. Specifically, there were numerous instances where the air traffic controllers failed to issue proper instructions and warnings to Cessna N58807 all of which were in violation of the Air Traffic Controllers' Handbook and in violation of the applicable federal and state law.

17. The failure of CHAT ATC EAST to comply with the FAA procedures, which are specifically designed to prevent this kind of accident, and its total lack of concern for the safety of this aircraft, resulted in the death of Beth Ann Gist.

## CLAIMS

### COUNT ONE – NEGLIGENCE

18. Plaintiffs incorporate herein and reallege the foregoing averments of this Complaint.

19. Defendant USA, at all times relevant hereto, owed a duty to Plaintiff and her decedent to provide competent and complete air traffic control services as well as to relay accurate information to the pilot.

20. Defendant USA, at all times relevant hereto, owed a duty to Plaintiff and her decedent to provide competent and complete weather and meteorological information to Cessna N58807 and those on board.

4

21. As described above and in the Report of Expert Burgess attached hereto (Exhibit 4), Defendant USA breached that duty by failing to comply with air traffic control procedures and protocol, and these failures were a deviation in the standard of care for Air Traffic Control Specialists.

22. Specifically, among other acts and omissions, and as described in the Report of Expert Burgess (Exhibit 4), Defendant breached its duty by failing to provide adequate assistance, failing to use appropriate check lists, negligently giving mandatory altitude restrictions to an aircraft operating on partial power, and ultimately on no power, and giving inaccurate distance information to alternate airports.

23. These breaches by Defendant were proximate causes of the crash and the death of Beth Ann Gist.

24. Plaintiff and the wrongful death heirs have been damaged by these breaches as set forth below.

25. By virtue of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, the United States is liable for the negligent acts and omissions as set forth herein. Plaintiff has exhausted all administrative prerequisites pursuant to 28 U.S.C. § 2675, including presenting its claim for damages to the Federal Aviation Administration on **June 14, 2024** (Exhibit 2). The Federal Aviation Administration denied the claim on **July 11, 2024** (Exhibit 3).

## DAMAGES

26. Plaintiff and the wrongful death heirs have suffered and will continue to suffer the following elements of damages:

    a. Loss of financial support

b. Loss of consortium;

   c. Loss of care, comfort and advice

   d. Mental and Emotional anguish

## AD DAMNUM

Plaintiff respectfully request that the Court grant the following relief:

- Damages in the amount of $15,000,000;

- Plaintiff's attorneys' fees and costs;

- Pre-judgment and post-judgment interest;

- Such other and further relief as the Court deems appropriate.

This the 18th day of July, 2024.

        Respectfully submitted,

        James T. Crouse, Esq.
        N.C. State Bar Number 22643
        CROUSE LAW OFFICES, PLLC
        P.O. Box 33460
        Raleigh, North Carolina 27636
        Telephone: (919) 881-8441
        Facsimile: (919) 881-8435
        JTC@CrouseLaw.com

        Amanda C. Dure, Esq.
        N.C. State Bar Number 48710
        1717 N Street NW
        Washington, DC 20036
        P: (202) 638-5300
        F: (202) 393-1725
        adure@pangialaw.com

        Douglas P. Desjardins

1717 N. St., NW  
Washington, D.C. 20036  
(202) 638-5300  
Fax (202) 393-1725  
dpd@pangialaw.com

*Pro Hac Vice Pending*